IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS PITERA, | : | CIVIL ACTION NO. **1:CV-09-0857** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES, | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

**I. Background**.

On May 6, 2009, Plaintiff, Thomas Pitera, an inmate at the United States Penitentiary at Allenwood ("USP-Allenwood"), White Deer, Pennsylvania, filed, *pro se,* a medical malpractice action against Defendant United States pursuant to the Federal Tort claims Act ("FTCA"), 28 U.S.C. § 1346(b) and § 2674. (Doc. 1). Plaintiff submitted several exhibits with his Complaint. Plaintiff also seemingly asserted Eighth Amendment denial of proper medical care claims against the prison medical staff pursuant to *Bivens*[1] under 28 U.S.C. § 1331. (Doc. 1, pp. 4-5). Plaintiff paid the full filing fee. (Doc. 4).

On June 4, 2009, the Court issued an Order directing the United States Marshal Service to serve Plaintiff's Complaint on Defendant U.S. (Doc. 5). After being granted an extension of time, Defendant filed a Motion to Dismiss Plaintiff's Complaint, pursuant to Rule 12(b)(6), or, in the alternative, for Summary Judgment under Rule 56(b). **(Doc. 10).** On October 30, 2009, Defendant

---

[1]*Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).

filed its Brief in support of its Motion, with exhibits and attachments, as well as its Statement of Material Facts ("SMF"). (Docs. 12 and 13). Plaintiff was granted an extension of time to file his opposition brief, and he did so on December 9, 2009. (Doc. 16). Plaintiff did not timely file a paragraph-by-paragraph response to Defendant's SMF as required. Defendant then filed its Reply Brief on December 14, 2009, with an attached exhibit. (Doc. 17). On January 7, 2010, Plaintiff filed, without leave of Court, an untimely second Memorandum in opposition to Defendant's dispositive Motion, his own SMF, and his Declaration. (Docs. 18-20).

Defendant's dispositive Motion **(Doc. 10)** is ripe for disposition.[2] Since we agree with Defendant's contention that Plaintiff's FTCA claim against the United States should be dismissed without prejudice because he did not timely file a Certificate of Merit ("COM") pursuant to Pa.R.C.P. 1042.3(a)(1), we consider Defendant's dispositive Motion as one to dismiss under Rule 12(b)(6). *See Booker v. U.S.*, 2009 WL 90129 (M.D. Pa.).

This Court has jurisdiction over Plaintiff's FTCA claim against the United States pursuant to 28 U.S.C. § 1346 and § 2680. *See Banks v. Roberts*, 2007 WL 3096585, *2 (3d Cir.)(Non-Precedential); *Thomas v. U.S.*, 558 F. Supp. 2d 553, 554 (M.D. Pa. 2008). The United States of America ("U.S.") is the only proper Defendant in an FTCA suit, and the United States has waived sovereign immunity for an FTCA action. *See Sash v. Hogsten*, 2008 WL 618945 (M.D. Pa.). Also, "[t]he FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674." *Moshier v. U.S.*, 2007 WL 1703536, * 9 (W.D. Pa.); *Baker v. U.S.*, 2006 WL

---

[2]The undersigned was assigned this case for pre-trial matters pursuant to 28 U.S.C. § 636(b)(1)(A).

1946877, * 4 (W.D. Pa.).

## II. Motion to Dismiss Standard.

The Court in *Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009), set forth the Motion to Dismiss standard of review, as annunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. –, 127 S. Ct. 1955 (2007), and as refined in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), as follows:

> The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. *Neitzke; Scheuer v. Rhodes*, 419 U.S. 232 (1974). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, ----, --- L.Ed.2d ----, ----, 2009 WL 1361536 (May 18, 2009) (specifically applying *Twombly* analysis beyond the context of the Sherman Act). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. *Angelastro v. Prudential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir.1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See *California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir.2004) citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir.1997). Nor must the court accept legal conclusions set forth as factual allegations. *Twombly*, 550 U.S. at 556, citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.
>
> In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." *Smith v. Sullivan*, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the

necessary element." *Phillips*, 515 F.3d at 232, quoting *Twombly*, 550 U.S. at 556 n. 3.

## III. Discussion.

The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment. 28 U.S.C. § 2675 (a). Plaintiff here is seeking damages for personal injury against the United States. Plaintiff alleges that he was negligently treated for his arthritis condition while he was a federal inmate in the custody of the BOP and that as a result he suffered pain, lack of mobility and a deterioration of his condition during his incarceration in federal prison. Plaintiff alleges that if he received medications he was recommended by an orthopedic surgeon, as well as herbal s supplements, his arthritis condition would not have deteriorated as it did without these medications and supplements. As mentioned, with respect to Plaintiff's FTCA claim, the only proper party Defendant is the United States, and not individual employees of the BOP. *See* 28 U.S.C. § 2679 (b) and (d)(1). Thus, as stated, no individual employee of the BOP was included in Plaintiff's FTCA action, and only the United States was named as Defendant.

The Court in *Banks v. Roberts*, 2007 WL 3096585, *2 (3d Cir.)(Non-Precedential), stated:

> The FTCA waives the sovereign immunity of the United States
> for torts of federal employees acting within the scope of their
> employment" under circumstances where the United States, if a
> private person, would be liable to the claimant in accordance with
> the law of the place where the act or omission occurred." 28 U.S.C.
> § 1346(b)(1). The FTCA contains a jurisdictional bar that requires a
> plaintiff to file his or her claim with the appropriate federal agency
> and receive a final denial by that agency before filing a complaint
> in federal court. *See* 28 U.S.C. § 2675(a).

*See also Booker v. U.S.*, 2009 WL 90129 (M.D. Pa.).

In his pleading, Plaintiff asserted an FTCA claim against the United States. As Defendant points out, Plaintiff also seemingly asserted Eighth Amendment denial of proper medical care claims against members of the USP-Allenwood Medical Department, PA Bennett, Asst. Hospital Admin. K. DeWald, and Warden Martinez. Plaintiff alleged in his Complaint that prison medical staff prevented him from receiving his medications recommended by an orthopedic surgeon, Dr. Ball, for his arthritis condition, and that they "have not provided him with any treatment whatsoever for his painful condition." (Doc. 1, p. 4). Plaintiff also averred that the BOP employees acted with "deliberate indifference" and gross medical negligence and, he averred that their deliberate indifference and negligence has led to his long-term bout with debilitating disease which causes him extreme pain on a consistent daily basis." (*Id*., p. 5). Further, in the prayer for relief in his Complaint, Plaintiff requests monetary damages due to both the negligence and "deliberate indifference" of the prison medical staff to his arthritis condition. (*Id*., p. 6).

Defendant initially moved to dismiss any Eighth Amendment *Bivens* claims Plaintiff may have asserted, correctly arguing that the United States cannot be held liable for constitutional claims under the FTCA. (Doc. 12, pp. 7-8). While we agree with Defendant that Plaintiff cannot raise constitutional claims against the United States in an FTCA action, as the Court stated in *Banks v. Roberts*, 2007 WL 3096585, *2 (3d Cir.)(Non-Precedential) 2)³, Plaintiff clarifies his claims in his

---

³We note that if Plaintiff's pleading is construed as containing constitutional claims against individual employees of the BOP, namely, Eighth Amendment claims for denial of proper medical care by individual medical staff members at the prison, Plaintiff cannot assert any *Bivens*-type action against Defendant U.S. in conjunction with this FTCA claim. The Third

5

Complaint, and he states that "at no time does plaintiff's Complaint seek redress for a constitutional deprivation." (Doc. 16, pp. 6-7).

In light of Plaintiff's clarification that he did not intend on raising any constitutional claims (*i.e.* Eight Amendment denial of medical care claims) in his Complaint against the sole Defendant United States, to the extent Plaintiff's Complaint is deemed as raising such claims, they should be dismissed as stated by Defendant. (Doc. 12, pp. 7-8). *See Banks v. Roberts*, 2007 WL 3096585 (3d Cir. 2007) (Non-Precedential). Thus, we will recommend that to the extent Plaintiff is deemed as raising Eighth Amendment denial of proper medical care claims against the prison medical staff pursuant to *Bivens* that these claims be dismissed against Defendant USA.

Defendant also contends that Plaintiff's FTCA claim against the United States should be dismissed because he did not timely file a Certificate of Merit pursuant to Pa.R.C.P. 1042.3(a)(1). (Doc. 12, pp. 5-7).[4]

---

Circuit in *Banks v. Roberts*, C.A. No. 07-2793, slip op. p. 2, n. 1, 2007 WL 3096585, * 1, n. 1 (3d Cir. 10-19-07) (Non-Precedential) noted that "A '*Bivens* action' is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials. This constitutional tort theory was set out in *Bivens* . . . " . The *Banks* Court also noted that "[t]he District Court correctly construed Banks' negligence claim under the FTCA, noting that it could not consider his negligence claim under *Bivens*, because negligence is not the basis of a constitutional claim. *See Bivens*, 403 U.S. at 392 (recognizing an implied private action for damages against federal officers alleged to have violated a citizen's *constitutional* rights)." 2007 WL 3096585, * 2, n. 4.(emphasis original).

[4]In its Brief in support of its dispositive motion, Defendant concedes that Plaintiff completed the administrative tort process with regard to his claim that he was treated negligently for his arthritis condition at USP-Allenwood. (Doc. 12, p. 1, n. 1). It is well settled that Plaintiff must exhaust his administrative remedies by filing a tort claim with the Bureau of Prisons regarding his claims for negligence under the FTCA, and failure to exhaust the administrative tort process bars the District Court from considering Plaintiff's negligence claims on their merits. *See Banks v. Roberts*, 2007 WL 3096585, * 2 (3d Cir. 2007) (Non-Precedential); 28 U.S.C. § 2675(a).

As Defendant U.S. recognizes (*Id*.), Plaintiff did not timely file a Certificate of Merit ("COM") pursuant to Pa. R. Civ. P. 1042.3 with his Complaint. (Doc. 1). A COM is required for a Pennsylvania professional negligence claim raised against United States by inmate in an FTCA action. *See Santee v. U.S.*, Civil Action No. 3:CV-07-2207, September 30, 2008 Memorandum and Order (M.D. Pa.).[5] "The COM requirement is set forth in a procedural rule, but federal courts exercising diversity and supplemental jurisdiction have considered it substantive law that must be applied to claims under Pennsylvania law presented in federal court." *Booker v. U.S.*, 2009 WL 90129, *3 (citations omitted).

Plaintiff admits that he did not file a COM, but he argues that his Complaint alleges only ordinary negligence against the Defendant and that it does not assert a professional negligence claim which will require expert testimony. Plaintiff states that under Pennsylvania law, there is an exception to the COM requirement for a medical malpractice action, namely, when the case is so simple or the lack of care is so obvious that it is within the knowledge of a lay person, and that his case fits within this exception. (Doc. 16, pp. 1-2).[6] Plaintiff contends that he did not have to file a COM since he is not alleging a professional negligence action. Thus, Plaintiff contends that he did not need the opinion of a medical expert *via* a COM to support his Complaint. Plaintiff states that Defendant's own submission of his prison medical records "clearly proves that no course of

---

[5]*See* 2008 WL 4426060 (M.D. Pa.).

[6]Defendant recognizes this exception to the COM requirement under Pennsylvania law. (Doc. 12, pp. 5-6).

7

medical action for the regrowth of cartilage was taken by Defendant." (*Id.*, p. 2). Plaintiff repeats his contention that he does not need a COM because the issues can be decided by non-experts in his recent Memorandum and Declaration. (Docs. 20, p. 1, ¶ 4., and 18, pp. 1-2).

As mentioned, Defendant first argues that Plaintiff's Complaint should be dismissed since Plaintiff failed to file a COM as required by Pennsylvania law.[7] There is no dispute that Plaintiff has not filed a COM at any time with respect to this action. Plaintiff states in his Briefs that he did not timely file a COM since his Complaint does not assert a professional negligence claim. He states that he is excused under Pennsylvania law from filing a COM since he did not file a professional negligence claim and that his issues do not require the assistance of an expert.

Essentially, a COM must be filed for a Pennsylvania State professional negligence claim or the claim will be dismissed. *Velazquez v. UPMC Bedford Memorial Hospital*, 328 F. Supp. 2d 549, 558 (W.D. Pa. 2004). The *Velazquez* Court stated that:

> [T]he Pennsylvania Certificate of Merit Rule, 1042.3, also
> requires that a plaintiff provide a written statement by
> "an appropriate licensed professional" that a "reasonable
> probability" exists that a "licensed professional deviated
> from an acceptable professional standard." Pa.R.Civ.P. 1042.3.
> In addition, Pa.R.Civ.P. 1042.3 requires that the certificate
> of merit be filed within 60 days of the filing of the complaint.

*Id.* at 556.

---

[7]State law governs with respect to claims under the FTCA. *See Ogrod v. U.S.*, 2007 WL 2319766, * 3 (E.D. Pa.); *Horne v. U.S.*, 223 Fed. Appx. 154, 156 (3d Cir. 2007) ("The extent of the United States' liability under the FTCA is generally determined by reference to state law.").

Further, Pennsylvania COM "requires a written statement of an appropriate licensed professional who will usually be a physician." *Id*. "If a Plaintiff does not file a certificate of merit pursuant to Pa.R.Civ.P. 1042.3, then Pa.R.Civ.P. 1042.6 provides that an entry of judgment of non pros may be entered against the Plaintiff for failure to file the certification." *Id*. Additionally, the *Velazquez* Court stated that:

> Pa.R.Civ.P. 1042.3(a)(1) dictates that a "written statement [must be filed] that there exists a reasonable probability" that the defendant's care, skill, or knowledge fell outside acceptable professional standards. "The attorney's signature certifies that an appropriate licensed professional has supplied a written statement that there is a basis to conclude that the care, skill, or knowledge exercised or exhibited by the Defendant in the treatment, practice, or work that is the subject of the complaint fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm." Pa.R.Civ.P. 1042.3(a)(1). Thus, the purpose of Pa.R.Civ.P. 1042.3 is to ensure that professional negligence claims are meritorious, and the certificate of merit requirement prevents needless waste of judicial time and resources which would otherwise be spent on non-meritorious claims.

*Id*. at 557-558.

According to the *Velazquez* Court, Rule 1042.6 requires dismissal for failure to timely file a COM. *Id*. at 556.[8] The *Velazquez* Court then summarized the COM requirement as follows:

> Pa.R.Civ.P. 1042.1 *et seq.* "were designed and adopted to directly confront the crisis surrounding medical malpractice claims in this Commonwealth." *Hoover v. Davila*, 64 Pa.D. & C4th

---

[8]Recently, the Third Circuit affirmed a case in the Middle District of Pennsylvania in which the District Court found that PA Rule 1042.3 is a rule of substantive state law and that Plaintiffs in federal court must comply with this rule. *See Perez v. Griffin*, 2008 WL 2383072 (M.D. Pa.), aff'd. 2008 WL 5351829 (3d Cir. 12-23-08).

9

> 449, 455-56 (Pa.Com.Pl. 2003). To further this end,
> Pa.R.Civ.P. 1042.3 requires a plaintiff to file a certificate of
> merit verifying that a licensed professional has determined
> that a reasonable probability exists that a licensed professional
> did deviate from the requisite standard of care with regard
> to the plaintiff. However, where a plaintiff fails to file a
> certificate of merit within the allotted time, a defendant may
> file a praecipe of non pros which dismisses the plaintiff's
> claim for failure to file a certificate of merit. Pa.R.Civ.P. 1042.6;
> *Hoover v. Davila*, 64 Pa.D & C. 4th 449 (Pa.Com.Pl. 2003)
> (holding that Pa.R.Civ.P. 1042.6(a) is "clear and concise"
> in that if the defendant "files a praecipe after the required
> time and prior to the filing of the certificate of merit, the
> prothonotary is required to enter the judgment of non pros".)

*Id*. at 559-560.

As Defendant states, this Court has repeatedly found that the COM requirement of Rule 1042.3 applies to FTCA cases filed in federal court. (Doc. 12, pp. 5-7). *See Santee, supra*. Defendant cites to several Middle District of Pennsylvania cases and has attached some these cases to its Brief. (Doc. 12, Atts.). Plaintiff agrees that this Court has held that a COM must be filed for state law professional malpractice actions brought in federal court. However, Plaintiff points out that if a party filed an FTCA claim alleging only ordinary negligence, he is not required to file a COM with his Complaint. As mentioned, there is no dispute that Plaintiff did not file a COM under Rule 1042.3 at the time he filed this action in this Court or within sixty (60) days after he filed his Complaint.

In *Boyd v. U.S.*, 2006 WL 2828843, * 6 (M.D. Pa.), this Court stated that "[PA] Rule 1042.3 is indeed applicable to state law malpractice claims brought in federal court." Rule 1042.3 applies when federal courts are addressing state law professional negligence claims in both diversity and supplemental jurisdiction cases. The *Boyd* Court also stated:

10

> "Under Pennsylvania law, a party filing a professional liability claim must file a certificate of merit in which a professional licensed in the same field supplies a written statement that a reasonable probability exists that the actions of the defendant fell outside acceptable professional standards and that the actions were the cause of harm suffered by the plaintiff. *See Pa. R.C.P. 1042.3(a)(1)*. If a Plaintiff fails to file the required certificate within sixty (60) days of filing the complaint, Defendants may file a praecipe for entry of a judgment of *non pros*. *See* Pa. R.C.P. 1042.6

*Id.*, * 5.

The Court in *Wooding v. U.S.*, 2007 WL 951494, * 3 (W.D. Pa. 2007), stated:

> To prevail on this medical malpractice claim [under the FTCA], [Plaintiff] must establish: (1) a duty owed by the physician; (2) a breach of that duty; (3) that the breach proximately caused the harm; and (4) that the damages directly result from the harm. *Quinby v. Plumstead Family Practice, Inc.,* 589 Pa. 183, 907 A.2d 1061, 1070 (2006), *quoting, Hightower-Warren v. Silk,* 548 Pa. 459, 698 A.2d 52, 54 (1997). In addition, "as a general rule, a plaintiff has the burden of presenting expert opinions that the alleged act or omission of the defendant physician or hospital personnel fell below the appropriate standard of care in the community, and that the negligent conduct caused the injuries for which recovery is sought." *Simpson v. Federal Bureau of Prisons,* Civ. No. 2-2313, 2005 WL 2387631 at * 5 (Sept. 28, 2005), *citing, Grossman v. Barke,* 868 A.2d 561, 566-67 (Pa.Super. 2005). "Expert testimony, however, is not required when a matter 'is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional persons.' " *Simpson,* 2005 WL 2387631 at * 5, *quoting, Hightower-Warren v. Silk,* 548 Pa. 459, 698 A.2d 52, 54 n. 1 (Pa.1997).
>
> The Pennsylvania Supreme Court's cautionary language in *Toogood v. Rogal,* 573 Pa. 245, 824 A.2 1140, 1149 (2003), confirms the narrowness of the exception to the requirement of expert testimony:
>
>> Courts sitting in medical malpractice cases require detailed expert testimony because a jury of laypersons generally lacks the knowledge to determine the factual issues of medical causation; the degree of skill, knowledge, and experience required of the physician; and the breach of the medical standard

11

> of care. In contrast, plaintiffs in res ipsa loquitur cases rely on
> the jury to fill in the missing pieces of causation and negligence,
> inherent in their cases, with the jury's common experience.
> Determining whether there was a breach of duty, however,
> involves a two-step process: the court must first determine
> the standard of care; it then must examine whether the
> defendant's conduct measured up to that standard. Not only
> does the plaintiff have the burden of proving that the
> defendant did not possess and employ the required skill and
> knowledge, or did not exercise the care and judgment of
> a reasonable professional, he or she must also prove that
> the injury was caused by the failure to employ that
> requisite skill and knowledge. We have previously concluded
> that this must be accomplished with expert medical testimony
> presented at trial by doctors testifying as expert witnesses.[9]

*See also Thomas, supra; Sash v. U.S.*, 2009 WL 3731737, *1 (M.D. Pa.).

The Court in *Wooding v. U.S.* noted, "Wooding's claim is actually brought under the Federal Tort Claims Act (FTCA). The FTCA constitutes a waiver of sovereign immunity in certain situations. The substantive state law where the tortious conduct occurs governs a FTCA claim. *See Sosa v. Alvarez-Machain,* 542 U.S. 692, 700 (2000). Because the operation occurred in Pennsylvania, Pennsylvania law applies." 2007 WL 951494, * 3, n. 6 (W.D. Pa.).[10] Thus, Pennsylvania law applies in the instant case since Plaintiff Pitera's alleged negligent medical treatment occurred in Pennsylvania while he was confined at USP-Allenwood.

Upon review of Plaintiff's Complaint, we agree with Defendant that the crux of Plaintiff's medical malpractice claims are professional negligence claims regarding questions of medical

---

[9] Defendant also correctly recognizes the elements of a medical malpractice claim under Pennsylvania law. (Doc. 12, p. 9). Defendant further is cognizant of the need for Plaintiff to proffer expert medical testimony to support his FTCA claim. (*Id., pp. 5-7*).

[10] Both parties correctly recognize that Pennsylvania law applies in this FTCA action.

judgment and that these claims are not within the knowledge of lay persons. We also agree with Defendant that expert testimony will be required to assist the fact finder with respect to Plaintiff's present medical malpractice claims.

Plaintiff avers that in April 2008, Dr. Ball, an orthopedic surgeon, examined him and recommended that CMO capsules and CMO cream be prescribed to treat his arthritis condition. (Doc. 1, p. 2). Plaintiff alleges that he requested that the prison approve of Dr. Ball's recommendation for the CMO medications to treat his condition. Plaintiff states that Physician Assistant ("P.A.") Bennett, of the prison medical department, advised him that the prison physician declined to follow Dr. Ball's recommendation since the prison physician opined that the CMO medications had only a 30% chance they would be effective for Plaintiff's condition and that if he allowed Plaintiff to get the CMO medications, then he would have to prescribe it for all inmates with arthritis-related conditions. (*Id*., p. 3). Plaintiff disputes the opinion of the prison physician as to the efficacy of the CMO medications for his condition. Plaintiff further avers that P.A. Bennett advised him that the prison medical staff would not follow Dr. Ball's recommendation due to security concerns since other inmates were extracting an ingredient used for pepper spray out of the CMO medications.

Plaintiff states that he also tried to purchase herbal supplements, which the prison medical staff and warden failed to allow, and he claims that these supplements used with the CMO medications "aleviates (sic) arthritic pain, joint inflamation, and inflamation commonly associated with this disease." (*Id*., p. 4).

Additionally, Plaintiff alleges as follows:

> On a daily basis Plaintiff must deal with joint pain which hinders his ability to effectively exercise. He is unable to run, jump and adequately climb stairs. All of these normal activities increase his painful condition. Cold weather also triggers his joint inflammation. In addition, whenever he incurs an injury, his recovery time is longer. He experiences a lack of mobility and extreme pain.
>
> These products [CMO medications and herbal supplements] could greatly **increase his quality of life and eliminate the arthritic condition** that produces extreme pain and constant discomfort in his body. The hospital staff has prevented Plaintiff from receiving the CMO meds recommended by specialist Dr. Ball, and as of this date have not provided him with any treatment whatsoever for his pain ful condition.

(*Id.*, p. 4) (Emphasis added).

Plaintiff concludes by alleging that the CMO medications and herbal supplements which the prison staff negligently failed to allow him to receive "could have changed the quality of [his] life by eliminating the extreme pain and discomfort he experiences daily from his arthritic condition." (*Id.*, p. 6).

Based on Plaintiff's Complaint, we agree with Defendant (Doc. 17, pp. 4-5) and find Plaintiff's allegations that the government was negligent by failing to provide him with herbal supplements and CMO medications, and that this failure prevented his cartilage to regrow and led to the daily pain he experiences due to his arthritis condition, clearly raise issues that require expert medical testimony, and they are beyond the scope of common knowledge and experience. What types of treatment and medications were necessary for Plaintiff's arthritis condition and whether CMO medications and herbal supplements would regrow his cartilage are not within the realm of common knowledge and experience. The stated issues regarding what medical treatment was

14

necessary for Plaintiff's arthritis condition are too complex for a lay person to decide. *See Booker v. U.S.*, 2009 WL 90129, *3 (M.D. Pa.).

Further, as Defendant points out, "[a]ll of the treatment decisions made by BOP medical staff required the medical staff to exercise their professional judgment. Whether that judgment was correctly exercised and consistent with the relevant community standards is not within the realm of common knowledge and experience of a laypersons." (*Id.*, p. 5). Thus, we find that medical testimony is necessary in this case to determine if prison medical staff breached their duty of care owed to Plaintiff to treat his arthritis condition. Plaintiff requires the opinion of an expert witness to state, to a reasonable degree of medical certainty, that the medical care Plaintiff received at USP-Allenwood for his arthritis condition fell below the accepted standard of care in the relevant community. We agree with Defendant (Doc. 17, pp. 4-5) that since Plaintiff has failed to file a COM as required under Pennsylvania law, his case should be dismissed without prejudice

In *Keller v. Feasterville Family Health Care Center,* 557 F. Supp. 2d 671, 675 (E.D. Pa.), the Court stated:

> "an expert's testimony is admissible so long as the process or technique used in formulating the opinion is reliable," *Pineda,* 520 F.3d at 247 (citing *Paoli II,* 35 F.3d at 742), and the expert's principles and methods are reliably applied to the facts of the case, Fed.R.Evid. 702 (advisory committee notes). The "expert's opinions must be based on the methods and procedures of science, rather than on subjective belief or unsupported speculation." *Paoli II,* 35 F.3d at 742 (citations and internal quotations omitted). Thus, "the expert must have 'good grounds' for his or her belief." *Id.* (quoting *Daubert,* 509 U.S. at 590, 113 S.Ct. 2786).

"In addition to the 'good grounds' requirement, in a diversity case such as this, state rules on the degree of certainty required of an expert's opinion apply. In Pennsylvania, a doctor can

15

[offer] an opinion [only] if he or she can do so with a reasonable degree of medical certainty. *Heller,* 167 F.3d at 153 n. 4 (citing *Paoli II,* 35 F.3d at 750-52)." *Id.* at 676.[11]

Plaintiff offers no medical expert who renders an opinion that the BOP breached its duty of care owed to him and that such breach proximately caused him to suffer harm and his arthritis condition to worsen.

Therefore, we will recommend that Defendant's Motion to Dismiss (Doc. 10) be granted with respect to Plaintiff's medical malpractice claim against the United States, and that this case be dismissed without prejudice. *See Lopez v. Brady*, 2008 WL 4415585, * 19 (M.D. Pa.)(If the Court finds that a COM was required, that it was not timely filed, and that no legitimate or reasonable excuse existed for not filing the COM, the Court grants Defendant's motion to dismiss without prejudice.); *See Booker v. U.S.*, 2009 WL 90129, *3 (M.D. Pa.)(dismissal of complaint without prejudice when Plaintiff fails to file COM in federal court case).

---

[11]We note that while the present case is an FTCA action, and not a diversity case, the federal court still must apply Pennsylvania substantive law. *See Perez v. Griffin*, 2008 WL 2383072 (M.D. Pa.), *aff'd.* 2008 WL 5351829 (3d Cir. 2008).

**IV. Recommendation.**

Based on the foregoing, it is respectfully recommended that Defendant's Motion to Dismiss **(Doc. 10)** be granted with respect to Plaintiff's medical malpractice claim against the United States, and that this FTCA action be dismissed without prejudice.

        **s/ Thomas M. Blewitt**
        **THOMAS M. BLEWITT**
        **United States Magistrate Judge**

**Dated: January 22, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS PITERA, | : | CIVIL ACTION NO. **1:CV-09-0857** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES, | : | |
| Defendant | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 22, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                                        **s/ Thomas M. Blewitt**
                                                        **THOMAS M. BLEWITT**
                                                        **United States Magistrate Judge**


**Dated: January 22, 2010**