IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS PITERA, :
    Plaintiff :
:
vs.      CIVIL NO. 1:CV-09-0857
:
UNITED STATES OF AMERICA, :
    Defendant :

*M E M O R A N D U M*

    Plaintiff, Thomas Pitera, an inmate at USP-Allenwood, White Deer, Pennsylvania, filed this pro se action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, alleging a medical malpractice claim. Plaintiff avers the prison medical staff has improperly refused to provide him with CMO, a dietary supplement Plaintiff says is necessary for treatment of his arthritis.

    The action is controlled by Pennsylvania law. Under Pa. R. Civ. P. 1042.3(a)(1), a plaintiff must file a certificate of merit (COM) when his claim puts at issue the conduct of a licensed professional. We are considering whether Plaintiff's COM meets the requirements of the Rule. In pertinent part, Rule 1042.3(a)(1) requires the plaintiff to sign and file a COM indicating that "an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was the cause in bringing about the harm." In the note following subsection (a)(1), it says that the "appropriate licensed professional" should have, in part, the necessary knowledge and experience to provide "competent testimony," and that in a medical

malpractice action, citing 40 Pa. St. Ann. § 1303.512, the professional should, in part, be a licensed doctor.

On May 5, 2010, Plaintiff filed his COM.[1] It is a letter signed by him to which he has attached a letter to him from Marge Berger, the CEO of a company named PermaHealth Inc. Ms. Berger's letter states she obtained her B.S. in Home Economics in 1960. She has no license or certification as a nutritionist because back then there was no certification or licensing available. However, her "[f]ifty years of working on and off in the field of alternative health/wellness/nutrition is [her] 'life' credential." (Doc. 27, CM/ECF p. 3). She also states "CMO is classified by the FDA as an Adult Dietary Joint Supplement. As such we are not allowed to make any structure/function claims." (*Id.*). She further states that the label for her company's CMO product reads that "this product is not intended to 'diagnose, treat, cure, or prevent any disease' because only a drug can make such a claim." (*Id.*) Nonetheless, she believes her company's "customers are pleased with" the product as the company has a money-back guarantee and over the past fifteen years, the return rate for CMO has only been eight to twelve percent of sales. (*Id.*). She also states that steroid injections (the treatment Plaintiff alleges he was advised to undergo) has "potentially serious side effects with continuous use." (*Id.*).

Defendant has objected to the COM because Berger's letter was not written by "an appropriate licensed professional" nor does it state "that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was the cause in bringing about the harm."

---

[1] Plaintiff did not file a COM with his complaint, and by order of March 25, 2010, we granted him a sixty-day extension of time to file one.

In reply, Plaintiff argues that the COM is satisfactory because Ms. Berger qualifies as a nutritionist, having no license or certificate only because none was available when she received her degree. He also relies on her statements that steroid injections have side effects and that her customers are satisfied with her company's product. Finally, he relies on the alleged recommendation of a Bureau of Prison's specialist that he be given CMO for his arthritic condition. (Doc. 1, Compl. at p. 2 and Ex. E1).

We have to agree with Defendant that the COM is deficient for the reasons it gives. And the issue here is not whether a particular physician prescribed CMO, but whether Plaintiff has provided the necessary COM.[2] We will therefore dismiss the complaint without prejudice.[3]

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 14, 2010

---

[2] In any event, it appears that the physician's prescription was really acquiescence in Plaintiff's desire to take CMO. (Doc. 12, CM/ECF p. 30).

[3] As we noted in our order of March 23, 2010, this means there would be no bar to Plaintiff's filing another action raising the same claim, but when as here, the statute of limitations may be raised to defeat a second case, dismissal of the current action may effectively mean the end of Plaintiff's attempt to litigate his claim. *See Brennan v. Kulick,* 407 F.3d 603, 606 (3d Cir. 2005).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS PITERA, :
    Plaintiff :
:
    vs. : CIVIL NO. 1:CV-09-0857
:
UNITED STATES OF AMERICA, :
    Defendant :

*O R D E R*

AND NOW, this 14th day of June, 2010, upon consideration of Defendant's objections (doc. 28) to Plaintiff's certificate of merit, it is ordered that:

    1. The complaint is hereby dismissed without prejudice for failure to file a certificate of merit compliant with Pa. R. Civ. P. 1042.3(a)(1).

    2. The Clerk of Court shall close this file.


                                       /s/William W. Caldwell
                                       William W. Caldwell
                                       United States District Judge